Is United States v. Kimmons. , Jeff and and and and and and and and May it please the court. The issue we have here, your honors, is a singular issue. There's only one issue presented in the brief, but it's an important issue, not just to the defendant, but it has a potential significant impact on criminal proceedings, specifically pleas and sentencing proceedings. And that's because the manner in which the court determines whether an individual falls within the definition that's provided in the Crime Victim Rights Act, that has an enormous amount of impact on the proceedings as they go forward, including the rights that are provided to that individual, such as the potential right to have pleas reopened or sentencing reopened. Maybe you could first address the effect of the appeal waiver here and why that's not a problem for you. So I guess on that issue, your honor, I would I would make just two points in support of our position that the appeal waiver did not include the circumstances that are presented here. First, I would on this point agree with the district court when the district court said, and it's in the sentencing minutes appendix, page 85. You have your record. Understand you've made your record. I respect that. And if an appellate court thinks I'm doing it the wrong way, they can they can say that. The court was aware of the plea agreement. The court indicated that this would be an issue available for appeal. And notably, the government didn't indicate that it disagreed with that point. The government didn't object to that, didn't say that. No, that's not permitted. The government remained silent when the district court indicated that position. Furthermore, I think that the appellate waiver contained in the plea agreement is significantly impacted by the content of the plea agreement, which indicates very that this was a plea that was very carefully negotiated. There was one count being pled to, but the agreement between the parties was even though it was one count, which would address a singular victim, the agreement was that the plea agreement would be would essentially treat the plea as if it were to have included five counts for five specific individuals. The sentencing guidelines were calculated accordingly, and the factual basis was prepared accordingly. It was drafted based on that agreement. The factual basis, as this court knows, and every court, every federal court knows, the factual basis isn't limited to the specific elements of an offense. It's very common, at least in the Western District, that factual basis includes additional information that was agreed to between the parties as being relevant to the sentencing proceedings. But doesn't the language of the agreement say he waives the right to appeal notwithstanding the manner in which the court determines the sentence? And we're talking about the court heard it sentencing from a person who you say shouldn't have been permitted to speak, but it seems to fall pretty squarely within that language. Our position is that statement or that agreement within the plea agreement was knowingly, intelligently, and competently made only with the understanding that the sentencing was based on the content of what was being agreed to as part of the plea. I think that the inclusion of a new victim who would give an emotionally charged statement to the court under the rights that would be provided by the Crime Victim Rights Act is substantively different, and we believe that that's a defect in the proceeding that goes beyond the scope of any waiver that was presented in the plea agreement. What principle of contract interpretation is that? Well, Judge, I think that the, candidly, in terms of contract interpretation, Judge, it's just not my primary area of practice. I'm afraid to go down that road and misspeak in terms of what an appropriate response would be. You don't dispute that your appeal is covered by the plain language of the appeal waiver? I do dispute that the waiver would have included the issue that is presented within this appeal, Your Honor. I do think that the inclusion of an individual who was not part of this indictment, not part of this plea agreement, most importantly, having that individual present to the court in an emotionally charged statement, which would clearly have impact on anybody who's listening to it, that wasn't contemplated by the plea agreement. I think that in terms of the criminal principles, the history, the case law supports that a waiver has to be knowingly competent and intelligent. And there's no way for us to foresee that the government was going to present an expanded version of what was included in terms of the defendant's conduct as part of this plea. There was a very specific agreement that although there was only one count being pled to, there were five individuals identified as being relevant to this plea. And what happened at sentencing was not included in that. So I don't believe that the waiver would expand to another individual that was not included within the factual basis or the charging instrument or anything that leads up to sentencing, including the PSR. Literally, the first time she's identified as a victim for purposes of the plea or sentencing is about three days before in an email by the government. Well, isn't it generally the case, I mean, the government also argues that even if we get past the appeal waiver point, that a district court generally can consider a wide variety of evidence about a defendant's character and history, and that's all that happened here. It doesn't really matter whether the victim, the alleged victim, falls within the definition of the CBRA or not. Well, I think what the record reflects is the judge didn't permit this individual to speak as part of consideration of the sentencing factors. The court specifically indicated that it was obligated to permit the victim to speak pursuant to 3771. That was in the sentencing minutes at appendix page 79. The court said, I think the law gives the victim a right to make that statement. I don't think that I would be following my obligations under 3771 unless I allow that person to speak. I think that was the basis for the court's decision. And furthermore, I believe that the manner in which the court would consider information presented through a PSR or presented through a sentencing statement of the government would not typically include an oral presentation of any individual absent some additional procedural steps, which would essentially involve taking that statement as part of witness testimony. Which rarely happens in the Western District, but I know in other jurisdictions it's a little bit more common. When did you begin to represent this defendant? I took over in... I'm not asking about the date, just in the timeline of the criminal proceedings. I took over during the first indictment, before the first superseding indictment. I took over from an attorney who passed away. So you were counsel throughout the proceedings before Judge Villardo, right? The majority of them, yes. The majority? Yes. What is not encompassed by the majority? I just wasn't present during the initial arraignment or the initial motion practice. I see. As Judge Livingston noted, there are any number of cases which indicate that there is virtually no limit on what a district court may consider at sentencing. Now, so you were counsel when this plea agreement was prepared and executed, right? Yes, yes. If you were the government under these circumstances, given the criticism that you've now made of this situation, what is it that the agreement might have said that would cover this situation? I think that what would have been appropriate to expand the plea to include some knowledge from the defense that this would be an issue for sentencing would have been an inclusion in the factual basis where it indicates some of the relevant conduct, although maybe not necessary to the elements of the offense, includes a sixth victim who was previously charged as a co-defendant. Now, as you know, the district court would have had a pre-sentence report. Yes. You were familiar with the pre-sentence report. I am. Doesn't the pre-sentence report provide a basis, only partly, but a basis for a consideration of a very large number of factors, virtually everything that antedated the sentencing, right? That's correct. But in terms of the individual that's at the center of the issue here, the pre-sentence report did not identify her as a victim. It did mention her, Judge, but it only mentioned her as in reference to being a co-defendant to Mr. Kimmons. It didn't categorically indicate that there was anything for the court to consider in terms of her being a victim, and very specifically, when it reached out to the victims who were identified, she was not included in that list from the probation department. Good morning. May it please the court, Catherine Gregory, Assistant U.S. Attorney representing the United States. The appellate waiver is presumptively enforceable, and this court should affirm the judgment on that basis alone. Mr. Kimmons received the benefit of his 11C1C agreement. He points to nothing, either in the waiver or the agreement itself, that would indicate that it was in any way involuntary or unknowing, and there are very few situations where this court will refuse to enforce a waiver like this. For example, constitutionally impermissible factors like race or gender, not present here, not alleged here. Situations where the judge failed to adequately explain, not alleged here, didn't happen here. On that basis, this court should affirm the judgment. If we do move to the merits, I'd like to start where my colleague left off on what seems to be a notice complaint. There was a witness list provided a few months before the sentencing in which the victim was identified via her victimization. I believe it used the word victimization. That's discussed at A77 of the appendix. Mr. Kimmons was also offered an adjournment. He made this complaint to the court that he didn't. The notice list, sorry, the notice list affirmed that she would be testifying at the sentencing hearing? No, it was a witness list for trial, Your Honor. I'm sorry. Let me clarify that. They did receive notice prior to the sentencing. I don't recall the exact date, but it was. I have no reason to disbelieve counsel when he says it was a few days. However, when he complained about this to the district court, the district court said, I can offer you an adjournment if you'd like more time, and he declined. That's at page 83 of the appendix. He also was given the opportunity. What is it that you drew our attention to at A77? That's where the government, or excuse me, the district court, the government, and counsel are discussing the fact that the witness list identified this woman as someone who would testify at trial and that she had been victimized in this way. He also had the opportunity to respond immediately after the statement was made, and I think most importantly the district court said, acknowledged that Mr. Kimmons was disputing the content of these statements, and the district court said, quote, resolution of that is not going to play any role at all in the sentence I impose. It's at 95 and 96. So regardless of whether Ms. Ventura here was a victim under the Crime Victims Rights Act, and the government maintains that she was, the district court was within its discretion to have her make this statement on two grounds, and the district court cited both of them. Initially, yes, the district court made that determination based on what she has reported. I find that she's a victim, and under the statute she is entitled to make this statement. But also at A95 to 96, the district court cited 18 U.S.C. 3661 and said, look, there's no limitation on what I can consider, and I'm paraphrasing, of course, so I'm going to let her say her piece. I'd submit that the district court was being conservative in covering both of its bases that way to say she's permitted to make this under the statute, but even if she's not, I have these 3553A factors to consider. And Ms. Ventura reported that Kimmons had introduced her to drugs, had gotten her hooked, and then demanded commercial sex or sex in return for payment for those drugs. So that, of course, reflected on that 3553A list of factors, the history and characteristics, the nature of the offense. Help me to understand the timeline here. Assume for the argument that the defendant prevails and this is sent back to the district court. What, in your view, would be the situation then? Presumably the pre-sentence disagreement will have been held inoperative for whatever reason. What's the situation? Are you prepared to go forward with the prosecution of this defendant for the crime with which he was originally charged? I have no doubt that we would be able to, although I'd point out Mr. Kimmons doesn't ask for the agreement to be dissolved. He's asking to be resentenced without Ms. Ventura there. So he's not asking to completely unwind the agreement. He just wants to go back and be resentenced without her presence, which, again, the district court explicitly said resolution of any dispute of what she's saying isn't going to affect my decision at all. And essentially I'm required to permit her to speak. So ultimately, Mr. Kimmons cannot show that this was an abuse of discretion under these circumstances. And I would just turn back once more to the Crime Victims' Rights Act, where a victim is defined as anyone directly or approximately harmed by the commission of a federal offense. And respectfully, the government may not be able to anticipate everyone approximately harmed by the defense. For example, this is how we get family members or survivors who speak at sentencing, which they are entitled to do. And again, if Mr. Kimmons didn't think that he had sufficient notice prior to sentencing, the district court offered him the adjournment, and he declined. So under these circumstances, the district court's decision was certainly within its discretion, although ultimately in this case the appellate waiver is presumptively enforceable. We'd ask the court to enforce it and affirm the judgment. Is it your understanding that the Defendant's Counsel is seeking reassignment of this case to another judge? I haven't seen that. That question has not come up. I don't believe so. But if that is the case, I'm not sure why that would be warranted in this case. As I understand it- No, I'm not suggesting that it is, but we now have a record in which Judge Villardo has heard all of this. So on the Defendant's theory, Judge Villardo's judgment has been affected in a way that he regards as inappropriate. So presumably we would have to go back to another district judge. I don't know that I agree with that, Your Honor, respectfully. There are many cases in which, for example, bench trials versus jury trials where we make a distinction with what a district court is presumably able to do is to set those facts aside that the judge knows he is not supposed to consider. I don't think this is one of those extreme cases where it would require reassignment to a different judge. This is a fairly straightforward question, I believe, and there's no reason it would go back to a different judge in my view. Thank you. We'll hear rebuttal. Thank you, Judge. I know I did go over the initial time, so I'll be brief. In terms of- there's just two points I want to respond to. One is I do believe that the reference by the court to- the indication by the court that there was a dispute over certain factual allegations that were contained in the government's investigative material that ultimately was reported in the pre-sentence investigation report. I believe that's what the court was referring to when it indicated that it won't play a role in the sentence that would be imposed. There were objections raised by the defense that I believe the court, at page 96, had indicated that he understands there's a difference between what the named victims think and what the defendant says. I recognize that. I recognize the difference. It won't play a role. I don't think that specifically speaks to the individual that's the subject of this appeal. I want to address the last point. I do think that it is correct that we have not asked to vacate the plea. What we're asking for is really would have a marginal impact because- Go ahead. There's an 11C1C in place, so the range that would have to be accepted by the court is limited. But I do believe that the reality here is the statement given, the emotionally charged statement, would necessarily have impact on the sentencing judge. I have a substantial amount of respect for Judge Villardo, but I think in this instance if it were to be remanded for resentencing, another district court who has not been exposed to that statement or that oral statement or that the emotional impact of that statement would be appropriately reconsidering the sentencing factors. What was the highest sentence that your client could have been sentenced to? Under the agreement, Your Honor, the highest point in the range- No, let's begin with the indictment, assuming no agreement. Oh, no agreement, life. Life. Yes. And the agreement brought it down to what range? 15 to 20 years. The government asked for something near the high end of that, and the judge imposed the high end of that, imposed 20 years. I'm just wondering what it is you hope to achieve by a vacater of the sentence, whether it's really in your client's interest at the end of the day. That's a valid question, Judge. My hope is on resentencing, reconsideration of the factors without this particular influence may result in a sentence more consistent with what we were asking for or even something below the 20 years which would be consistent with what the government had suggested. Thank you, Judge. Thank you, Your Honor. Thank you both, and we'll take the matter under advisement.